UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FIRESTONE COUNTRY CLUB,** *et al.*,

      Plaintiffs, :

  v.

**OHIO DEPARTMENT OF COMMERCE, DIVISION OF UNCLAIMED FUNDS,** *et al.*,

      Defendants.

Case No. 2:25-cv-88
Chief Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

After an audit of ClubCorp's[1] books and records, on February 14, 2024, the Division of Unclaimed Funds of the Ohio Department of Commerce notified ClubCorp that it owed $7,997,377.76 to the State of Ohio for Total Unclaimed Funds Reporting Liability. ClubCorp appealed that assessment, and its administrative appeal is ongoing.

In addition to pursuing its administrative appeal, ClubCorp filed this case against the Division of Unclaimed Funds, Akil Hardy (Superintendent of the Division), Kelli E. Lister (Legal Counsel for the Division), George Gladden

---

[1] ClubCorp Holdings, Inc. and 97 other entities are the Plaintiffs; while not entirely clear, it seems that the other entities are subsidiaries of ClubCorp Holdings. (Am. Compl., ECF No. 29, ¶¶ 1, 16.) The only Plaintiff from Ohio is the first named Plaintiff, Firestone Country Club. The other entities own and operate golf and country clubs, city clubs, and sports clubs around the country. (*Id.*, ¶ 16.)

(Compliance Manager for the Division), Audit Services U.S., LLC ("ASUS"), and Jeremy D. Katz (the first four Defendants are "the State Defendants", the latter two are "the ASUS Defendants").

Defendants have filed two motions to dismiss, arguing that this case must be dismissed under the *Younger* abstention doctrine. The motions are fully briefed[2] and, for the reasons set forth below, both motions are **DENIED**.

I. BACKGROUND

The factual allegations, but not legal conclusions, in the Amended Complaint are considered as true for purposes of the pending motion. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016).

Defendants began an audit of ClubCorp in 2023. Following that audit, ClubCorp was provided with a Closing Review Letter informing it as follows:

> In conformity with the Ohio Unclaimed Funds Law,[3] this closing examination letter notifies you of the total unclaimed funds reporting liability of ClubCorp Holdings, Inc. (the "Company") to the state of Ohio (the "State"). Based on Audit Services US' ("ASUS") review [sic] of the documentation submitted up to and including the date of the final audit report on February 14, 2024, it has been determined that the ***Total Unclaimed Funds Reporting Liability*** from the examination of the Company found owing under Chapter 169 of the Ohio Revised Code is **$7,997,377.76** for accounts dormant as of 06/30/2023.

(ECF No. 29-3, PAGEID # 338.) The letter further informed ClubCorp that it had 30 days from the date of the letter to pay the amount due, to dispute a portion of the

---

[2] ClubCorp requests an oral argument on the Motions to Dismiss, but the Court finds that oral argument would not aid the decisional process.

[3] The Ohio Unclaimed Funds Act is found at Ohio Revised Code Chapter 169 and Ohio Administrative Code Chapter 1301:10 (the "UFA").

amount due (and pay any undisputed amount), or to appeal the Total Unclaimed Funds Reporting Liability. (*Id.*) ClubCorp was also told that, if it failed to pay the Total Unclaimed Funds in 30 days, the State is "authorized to assess civil penalties and interest." (*Id.*, PAGEID # 339 (citing Ohio Rev. Code § 169.12).)

ClubCorp appealed the Audit findings and liability determination on the grounds that Defendants did not comply with the UFA's requirements. (Am. Compl., ¶ 41.) As part of its appeal, ClubCorp requested documents and other information regarding the bases for the Liability Finding, but it claims that Defendants have not provided it with the work papers or other information that it needs to pursue the appeal.

An appeal meeting was held on September 10, 2024, pursuant to Ohio Administrative Code 1301:10-3-04(K), to "reach mutually agreeable findings" and explore whether the parties could reach a resolution. (*Id.*, ¶¶ 54, 55.) The parties were unable to resolve the dispute.

Then, on October 17, 2024, ClubCorp received a State Administrator Decision on its appeal; ClubCorp claims that the State Administrator Decision did not address the issues it raised, instead finding that the "bases for appeal were not sufficiently supported or developed." (*Id.*, ¶ 63.)

ClubCorp then appealed the State Administrator Decision. (*Id.*, ¶ 68.) As of the filing of the Amended Complaint, there had not been any resolution of ClubCorp's appeal. (*Id.*, ¶ 69.)

ClubCorp asserts that Defendants are depriving it of an opportunity to develop a record in its administrative appeal and that such deprivation violates its constitutional rights. It also challenges the appeal procedure under the UFA as unconstitutional and further claims that Ohio's engagement of contract auditors to perform audits under the UFA is unconstitutional.

## II.  MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### A.  Standard of Review

Generally, threshold challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) should be decided first. *See Bell v. Hood*, 327 U.S. 678, 682 (1946). In most circumstances, a plaintiff bears the burden to survive a motion to dismiss for lack of subject matter jurisdiction. *See id.*

Challenges to subject matter jurisdiction come in several varieties. Facial attacks challenge a plaintiff's establishment of jurisdiction in the complaint and require the Court to examine the jurisdictional basis. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citation omitted). Factual attacks contest the existence of factual prerequisites to jurisdiction. *See id.* In such motions, in contrast to motions under Fed. R. Civ. P. 12(b)(6), the Court is empowered to resolve the factual disputes affecting any jurisdictional prerequisites. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

4

**B.     Analysis**

Defendants make a facial attack to this Court's subject matter jurisdiction. They argue, pursuant to the *Younger* abstention doctrine from *Younger v. Harris*, 401 U.S. 37 (1971), that this Court should abstain from hearing ClubCorp's claims.

Federal courts have a duty to hear federal questions and "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989) (quoting *Cohens v. Virginia*, 19 U.S. 264, 404 (1821)). Thus, *Younger* abstention is "a limited carve-out to federal courts' 'virtually unflagging obligation' to exercise their jurisdiction." *Hill v. Snyder*, 878 F.3d 193, 205 (6th Cir. 2017) (quoting *Deakins v. Monaghan*, 484 U.S. 193, 203 (1988)). The goal of analyzing an abstention argument is "not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice . . . to justify the *surrender* of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26 (1983).

"*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger*, 401 U.S. at 40–41); *see also Doe v. Lee*, No. 3:21-cv-00809, 2022 WL 1164228, at *5 (M.D. Tenn. Apr. 19, 2022) (citation omitted). As the Sixth Circuit explained, "*Younger* abstention derives from a desire to prevent federal courts from interfering

5

with the functions of state criminal prosecutions and to preserve equity and comity." *Doe v. Univ. of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger*, 401 U.S. at 44). The Supreme Court has advised that *Younger* can apply to state proceedings that are not criminal prosecutions, but it has emphasized that "such applications are narrow and exist only in a few exceptional circumstances." *Id.* at 369 (citing *New Orleans Pub. Service., Inc.*, 491 U.S. at 368).

*Younger* abstention is appropriate in only three categories of cases: when there are (1) parallel, pending state criminal proceedings, (2) particular "state civil proceedings that are akin to criminal prosecutions," or (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (citations omitted).

Here, Defendants argue that the second *Younger* abstention category applies. The critical consideration for this category is how closely the state civil proceeding resembles a criminal prosecution. *Id.* at 79. The Supreme Court has explained the contours as follows:

> Our decisions applying *Younger* to instances of civil enforcement have generally concerned state proceedings "akin to a criminal prosecution" in "important respects." . . . Such enforcement actions are characteristically initiated to sanction the federal plaintiff, *i.e.*, the party challenging the state action, for some wrongful act. See, *e.g.*, *Middlesex*, 457 U.S., at 433–434, . . . (state-initiated disciplinary proceedings against lawyer for violation of state ethics rules). In cases of this genre, a state actor is routinely a party to the state proceeding and often initiates the action. See, *e.g.*, *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619 . . . (1986) (state-initiated administrative proceedings to enforce state civil rights laws); . . . Investigations are commonly involved, often culminating in the filing of a formal complaint or charges. See, *e.g., Dayton*, 477 U.S.,

6

> at 624, . . . (noting preliminary investigation and complaint); *Middlesex*, 457 U.S., at 433, . . . (same).

*Id.* at 79–80.

Accordingly, the Court will examine the UFA statutes and administrative code, as well as the correspondence to ClubCorp from Defendants, to determine whether its administrative appeal is akin to a criminal prosecution.

The UFA imposes a duty on any holder of unclaimed funds to report those funds to the Division of Unclaimed Funds. Ohio Rev. Code § 169.03(A). Holders must file unclaimed funds reports on a yearly basis. *Id.* § 169.03(D). Holders are also required to pay any unclaimed funds to the Division of Unclaimed Funds or, in certain circumstances, to deposit unclaimed funds into an appropriate interest-bearing account. *Id.* § 169.05. The Division is authorized to audit "the records of any holder to determine compliance" with the UFA's requirements. *Id.* § 169.03(G)(1).

In this case, Defendants initiated an audit of ClubCorp's books and records. After the audit was complete, Defendants notified ClubCorp of its "Total Unclaimed Funds Reporting Liability." ClubCorp was told that, if it failed to pay the liability or appeal the audit finding, the State could assess civil penalties and interest. The audit and correspondence reflect a remedial process, with the State seeking to determine and collect a civil liability. To that end, the UFA provides that, the purpose of the appeals process that ClubCorp is pursuing "is to give the state administrator and the holder the opportunity to reach mutually agreeable findings." Ohio Admin. Code 1301:10-3-04(K) (2023). A process to "reach mutually agreeable

7

findings" is fundamentally different from a coercive criminal or disciplinary proceeding to assess criminal penalties.

Indeed, there has been no suggestion that ClubCorp could be subject to criminal penalties in the administrative proceeding or any appeal therefrom. There has been neither a formal complaint nor charges filed. The only reference to criminal sanctions in the UFA provides:

> (A) Whoever violates section 169.10 of the Revised Code shall be fined not more than five hundred dollars. Each day of continuance of such violation is a separate offense.
>
> (B) Whoever violates division (C) of section 169.13 or division (A) of section 169.16 of the Revised Code is guilty of a misdemeanor of the first degree for a first offense and of a felony of the fifth degree for any subsequent offense.

Ohio Rev. Code § 169.99.

There are no allegations that ClubCorp has violated any of the provisions referenced in section 169.99. Even if the State Defendants had made such allegations, the Department of Commerce's ability to sanction violators is extremely limited. The Department could impose civil penalties, but it would have to make a recommendation of prosecution to a county prosecuting attorney or to the state attorney general to institute criminal proceedings; if such a recommendation were made, the attorney general or county prosecutor would have complete discretion over whether to bring charges. A connection this remote to criminal liability does not call for abstention under *Younger*. *See, e.g.*, *Steffel v. Thompson*, 415 U.S. 452, 454 (1974) (*Younger* does not prevent federal relief "when a state prosecution has been threatened, but is not pending"); *520 S. Mich. Ave. Assoc., Ltd. v. Devine*, 433

8

F.3d 961, 963 (7th Cir. 2006) (suggesting that prosecution must be "imminent" before a court will abstain).

ClubCorp's administrative appeal under the UFA is thus not a quasi-criminal proceeding that warrants *Younger* abstention. Defendants' Motions to Dismiss on *Younger* abstention grounds are **DENIED**.

### III. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

In their Motion, the State Defendants also argue in passing that dismissal of ClubCorp's due process claim is appropriate under Fed. R. Civ. P. 12(b)(6). (ECF No. 33, PAGEID # 540.) They do not address this argument in their Reply Memorandum.

"Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived," and "it is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citation modified). The Court will not flesh out the State Defendants' arguments here, so their Motion to Dismiss ClubCorp's due process claim is **DENIED**.

### IV. CONCLUSION

The State Defendants' Motion to Dismiss (ECF No. 33) and the ASUS Defendants' Motion to Dismiss (ECF No. 32) are **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE
UNITED STATES DISTRICT COURT**

9