**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Firestone Country Club, et al.,** | ) | **Case No. 2:25-cv-88** |
| | ) | |
| **Plaintiffs,** | ) | **Chief Judge Sarah D. Morrison** |
| | ) | |
| **v.** | ) | **Magistrate Judge Kimberly A. Jolson** |
| | ) | |
| **Ohio Department of Commerce,** | ) | |
| **Division of Unclaimed Funds, et al.,** | ) | **PLAINTIFFS' REPLY TO ASUS** |
| | ) | **DEFENDANTS' OPPOSITION TO** |
| **Defendants.** | ) | **MOTION FOR PROTECTIVE ORDER** |

In their Response in Opposition to ClubCorp's Motion for Protective Order, the ASUS Defendants offer no reasonable justification for their failure to pursue discovery diligently.[1] (Doc. 76.)

The ASUS Defendants explain that they took "a back seat" because they were waiting for the State Defendants to serve discovery requests on ClubCorp and "planned to seek discovery consistent with the State's requests." (Doc. 76, PageID #819, 822.) They acknowledge that "[i]n retrospect, the ASUS Defendants should not have continued to defer to counsel for the State." (*Id*. at PageID #820.) But they do not explain why they needed to wait for the State Defendants to serve requests before serving their own, much less why that strategy justified their delay.

Nor does the ASUS Defendants' characterization of this case as one that "primarily challenges the constitutionality of Ohio statutes and administrative proceedings" excuse their lack of diligence. (*Id*. at PageID #819.) This case presents questions of both fact and law and the ASUS Defendants' characterization overlooks the factual questions underlying ClubCorp's claims.

---

[1] All capitalization terms not defined herein shall have the meanings set forth in ClubCorp's Motion for Protective Order (Doc. 76).

The ASUS Defendants are state actors who, on behalf of the State Defendants, made a demand that ClubCorp remit approximately $8 million to the State of Ohio, which Defendants allege are unclaimed funds. As a matter of due process, ClubCorp is entitled to understand the basis for Defendants' findings and demand for payment before appearing at an administrative hearing challenging that demand.

ClubCorp acknowledges that its claims present legal questions, and as the Sixth Circuit Court of Appeals recently noted, the "due-process framework" that applies is an important legal consideration in cases against state parties alleging a violation of due process rights in the context of an unclaimed funds proceeding. *O'Connor v. Eubanks, et al.,* 189 F.4th 527, 538-39 (Sixth Cir. 2026) (Nalbandian, J., concurring) (noting that the district court must consider "the due-process framework for [plaintiff's] claim" and that "these circumstances probably demand more than the statutory notice approved by the Supreme Court in *Texaco*").

In addition to the legal issues before the Court, ClubCorp's claims involve fact questions regarding the basis for the demand, the accuracy of the information relied on in making the demand, and Defendants' refusal to provide certain information to ClubCorp. These fact questions will be explored in discovery, which is not yet complete, in part because of Defendants' privilege claims and because the State Defendants have still not provided discovery responses they agreed to serve by November 13, 2026.

As required by the Court's November 17, 2026 Order (Doc. 73) instructing the parties to meet-and-confer regarding case dates, counsel for the parties met via Zoom on November 24, 2026. During that conference, the parties discussed possible case deadlines, the assertion of privilege by Defendants, and discovery that remains to be completed. At the time of this filing, an agreement has not been reached regarding a proposed schedule. The parties will notify the Court

of any agreements with respect to discovery and case deadlines in the Joint Status Report they are required to file on December 1, 2026.

Respectfully submitted,

*/s/ Julie A. Crocker*

Julie A. Crocker (0081231)
Daniel P. Platek (0103681)
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, OH 44114-2302
(216) 241-2838 Telephone
(216) 241-3707 Fax
jcrocker@taftlaw.com
dplatek@taftlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of November, 2026, the foregoing Reply To ASUS Defendants' Opposition to Motion for Protective Order was electronically filed with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All parties can access this filing through the Court's electronic filing system.

*/s/ Julie A. Crocker*
Julie A. Crocker (0081231)

*Counsel for Plaintiffs*